IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD E. JOHNSON,**

    **Plaintiff,**

    v.                                        CASE NO. 20-3017-SAC

**DEREK SCHMIDT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Ronald E. Johnson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 6).

Plaintiff's claims relate to his state court criminal case, and he names as defendants eight state court judges, the attorney general, the district attorney and two assistant district attorneys, the Wyandotte County Sheriff, nine employees from the Kansas Department of Corrections ("KDOC"), and legal counsel for the KDOC.

Plaintiff alleges that he was sentenced to a "Hard 50" sentence under K.S.A. § 21-4635 et. seq. on November 21, 2003. He alleges that the Kansas Supreme Court held § 21-4635 unconstitutional on April 11, 2014. Plaintiff alleges that Defendants failed to modify his sentence under the "mandatory modification law"—K.S.A. § 21-6628(c) (formerly § 21-4639).

Plaintiff states that he was denied relief in his state habeas cases, multiple appeals, and multiple motions for relief. Plaintiff claims that Defendants are violating his protected rights as a Moorish American.

Plaintiff attaches the October 22, 2018 Wyandotte County District Court Journal Entry denying his motion "Invoking Sentence Modification pursuant to K.S.A. 21-4639, Renumbered K.S.A. 21-6628(c) (2011)." (Doc. 1–1, at 9.) The Journal Entry provides that Plaintiff was convicted of first-degree murder in 2003 and was sentence to the Hard 50. *Id*. The Kansas Supreme Court affirmed his sentence in *State v. Johnson*, 248 Kan. 18 (2007). *Id*. Plaintiff filed a Petition for Writ of Habeas Corpus in Wyandotte County District Court, No. 08CV2331, and after a summary dismissal the decision of the district court was affirmed in an unpublished decision, *Johnson v. State*, No. 102952, 2011 WL 867686 (March 11, 2011). *Id*. Plaintiff filed a second K.S.A. 60-1507 petition on December 21, 2011, Case No. 11CV2078, which was again summarily dismissed by the district court, appealed, and affirmed by the Court of Appeals, Case No. 108,309 (Sept. 20, 2013). Plaintiff filed a third K.S.A. 60-1507 petition on May 19, 2014, Case No. 2014CV499. He argued that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) should be applied retroactively to his case. The motion was again summarily dismissed by the district court, appealed, and affirmed by the Court of Appeals, decision number 117,323, decided September 1, 2017. *Id*. at 10.

The district court's Journal Entry addresses Plaintiff's argument for modification under K.S.A. 21-6628, and finds:

> The defendant argues that Kansas courts have been directed by the legislative branch to resentence any defendant who was sentenced prior [sic] the sentence being declared unconstitutional. In *Alleyne*, the Court required that any fact which increased a sentence beyond the mandatory minimum must be submitted to a jury and proven beyond a reasonable doubt. *Alleyne* thus rendered

> unconstitutional the Kansas hard 50 sentence scheme, which allowed a judge to determine facts that would enhance the mandatory minimum. All cases that were pending on appeal when *Alleyne* was decided were then reversed. *Kirtdoll v. State*, 306 Kan. 335 (2017). In *Kirtdoll*, the Court held that the rule of law declared in *Alleyne* cannot be applied retroactively to invalidate a sentence that was final when the *Alleyne* decision was released. By the time *Alleyne* was decided, Johnson's direct appeal, as well as two K.S.A. 60-1507 motions, had already been decided. Whether the Defendant's motion is a motion for sentence modification or a motion pursuant to K.S.A. 60-1507, the issue has already been decided by the Kansas Supreme Court, and therefore, must be denied.

*Id*. at 10–11 (internal paragraph numbering omitted).

In this civil rights action, Plaintiff seeks $1.8 million dollars a day in damages, "immediate release," and other damages. Plaintiff has filed a motion to appoint counsel (Doc. 5), as well as a motion seeking to amend his complaint (Doc. 7) to add two additional counts and two additional defendants—another judge and the former governor of Kansas.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

4

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Eleventh Amendment Immunity

Plaintiff sues all defendants in their individual and official capacities.  An official-capacity suit is another way of pleading an action against the governmental entity itself.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment."  *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).  Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities.  *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The bar also applies when the entity is an arm or instrumentality of a state.  *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  In determining whether an entity is an

instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id*. (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b).

District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). A county district

attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim against county prosecutor in her official capacity barred by Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State.").

The official capacity claims against the state officials for monetary damages are barred by sovereign immunity.  Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

**2.  Personal Immunity**

**Prosecutors**

Plaintiff names state and county prosecutors as defendants.  Plaintiff's claims against the prosecutors fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against the state and county prosecutors should not be dismissed based on prosecutorial immunity.

**Judges**

Plaintiff names multiple state court judges as defendants.  State court judges are entitled to personal immunity.  "Personal immunities . . . are immunities derived from common law

which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

**KDOC Staff**

If Plaintiff is relying on the participation by these defendants in his confinement, he must allege a "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Callaway v. Werholtz*, No. 12-2527-EFM, 2013 WL 2297139, at *3 (D. Kan. May 24, 2013) (defining "acting under color of state law" as required by § 1983). Plaintiff has not alleged a misuse of power by these defendants. Furthermore, "[o]fficials who act pursuant to a 'facially valid court order' enjoy quasi-judicial immunity from suit under § 1983." *Callaway*, 2013 WL 2297139, at *4 (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (holding that state officials were absolutely immune from § 1983 liability for confining the plaintiff in a state hospital pursuant to a judicial order)). Plaintiff does not allege that these defendants failed to follow court orders.

### 3. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.  Plaintiff should show cause why his Complaint should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v.*

*Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated, and in fact that is the relief he seeks in this civil rights action.

### 4.  Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 5), arguing that he has been unable to obtain counsel. Plaintiff argues that he has limited knowledge regarding trial procedures.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in

any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### 5. Motion to Amend

Plaintiff seeks to amend his Complaint to add another judge and the former Kansas governor as defendants. Claims against these defendants are subject to the immunities set forth above. Further, Plaintiff has failed to file a proper amended complaint. Plaintiff's motion is denied.

### IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without additional notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied**.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to amend his Complaint (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **June 5, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated May 5, 2020, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**