## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RONALD E. JOHNSON,**

     **Plaintiff,**

     **v.**                             **CASE NO.  20-3017-SAC**

**DEREK SCHMIDT, et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 6).   On May 5, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until June 5, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff filed a motion for an extension of time to respond to the MOSC (Doc. 11) and a motion for leave to file an amended complaint (Doc. 12).  The Court entered an Order (Doc. 13) granting Plaintiff an extension of time until July 6, 2020, to respond to the MOSC and denying Plaintiff's motion for leave to amend his complaint for failure to attach a proposed amended complaint.  This matter is before the Court on Plaintiff motion for leave to amend complaint (Doc. 15), Response (Doc. 16) to the Court's MOSC, and motion to appoint counsel (Doc. 17).

The Court found in the MOSC that Plaintiff's claims relate to his state court criminal case, and he names as defendants eight state court judges, the attorney general, the district attorney and two assistant district attorneys, the Wyandotte County Sheriff, nine employees from the Kansas Department of Corrections ("KDOC"), and legal counsel for the KDOC.  The Court

1

found that Plaintiff's official capacity claims against the state officials for monetary damages are barred by sovereign immunity.  Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

The Court also found in the MOSC that Plaintiff's claims against the state and county prosecutors fail on the ground of prosecutorial immunity, and his claims against the multiple state court judges should be dismissed on the basis of judicial immunity.  The court also found that if Plaintiff is relying on the participation by the KDOC defendants in his confinement, he must allege a "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Callaway v. Werholtz*, No. 12-2527-EFM, 2013 WL 2297139, at *3 (D. Kan. May 24, 2013) (defining "acting under color of state law" as required by § 1983).  Plaintiff has not alleged a misuse of power by these defendants.  Furthermore, "[o]fficials who act pursuant to a 'facially valid court order' enjoy quasi-judicial immunity from suit under § 1983."  *Callaway*, 2013 WL 2297139, at *4 (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (holding that state officials were absolutely immune from § 1983 liability for confining the plaintiff in a state hospital pursuant to a judicial order)).  Plaintiff does not allege that these defendants failed to follow court orders.

The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*."  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus

proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the

conviction or sentence has been invalidated, and in fact that is the relief he seeks in this civil rights action.

Plaintiff's response to the MOSC and proposed amended complaint fail to cure the deficiencies set forth in the MOSC. Plaintiff's proposed amended complaint continues to seek monetary relief from defendants that are immune from suit. Plaintiff also continues to seek release from incarceration despite the Court advising him that such relief must be sought pursuant to a habeas action.

In his Response, Plaintiff alleges that the state court actors should not enjoy Eleventh Amendment immunity and that the state court judges acted outside of their judicial capacity. However, as noted in the Court's MOSC, a state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.

Plaintiff alleges that the Defendants were acting in a "Covid Pack" to deprive him of his constitutional rights. If Plaintiff is alleging some type of conspiracy, he has failed to allege any factual support. Bare conspiracy allegations fail to state a claim upon which relief may be granted. To state a claim for conspiracy, a plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails

to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.  Such a conclusory allegation fails to state a plausible claim for relief.

Plaintiff's claims are based on his argument that the Kansas state courts improperly ruled that the Supreme Court's decision in *Alleyne* did not apply retroactively to provide Plaintiff with relief.  *See United States v. Stang*, 561 F. App'x 772, 773 (10th Cir. May 28, 2014) (unpublished) (stating that "[w]e have held that, although the Supreme Court in *Alleyne* did recognize a new rule of constitutional law, the Supreme Court did not hold that the new rule was retroactively applicable to cases on collateral review") (citing *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013)); *see also United States v. Rogers*, 599 F. App'x 850, 851 (10th Cir. April 17, 2015) (unpublished) (stating that "[b]ut *Alleyne* wasn't decided until after Mr. Roger's sentencing, we have held that *Alleyne* doesn't apply retroactively on collateral review").

The *Rooker-Feldman* doctrine establishes that a federal district court lacks jurisdiction to review a final state court judgment because only the Supreme Court has jurisdiction to hear appeals from final state court judgments.  *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).  The doctrine prevents a party who lost in state court proceedings from pursuing "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

Plaintiff has failed to cure the deficiencies set forth in this Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for leave to amend (Doc. 14) and motion to appoint counsel (Doc. 16) are **denied.**

**IT IS SO ORDERED**.

**Dated July 24, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**